# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK FIELDS,<br><br>         Plaintiff,<br><br>    v.<br><br>P. D. BRAZELTON, et al.,<br><br>         Defendants. | 1:14-cv-00177-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Broderick R. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 10, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison.  The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison (PVSP).  Plaintiff names the following defendants: (1) P. D. Brazelton, PVSP Warden; (2) R. J. Shannon, PVSP Captain; (3) M. Dotson, PVSP Lieutenant; (4) R. Redding, PVSP Sergeant; (5) B. Davi, PVSP Sergeant; (6) R. Lopez, PVSP Guard; and (7) John and Jane Does 1 through 5.  Defendants are named in their individual and official capacities.

Plaintiff was incarcerated at PVSP from January 11, 2012, through April 14, 2013.  On August 14, 2012, at approximately 11:00 a.m., Plaintiff was on the exercise yard.  Defendants stood by and watched thirty (30) Mexican inmate prisoners brutally beat and stab three other Mexican prisoners almost to death.  The watch tower guard, Defendant Doe, did not activate the alarm for an "emergency" as he watched.  Plaintiff alleges that it was as if the brutal assault was encouraged and condoned by Defendants.  Plaintiff claims that Defendants refused and failed to

intervene, putting Plaintiff's life at serious risk. Defendants waited until the victims were brutally assaulted before they decided to push the emergency alarm and put the yard down in 110° degree heat when the asphalt was hot and would blister an inmate's bare skin.

Plaintiff alleges that African American inmates, including Plaintiff, were not involved in or connected to the incident. However, Defendants threatened African American prisoners sitting on the basketball and handball court with excessive and deadly force. These prisoners were not near the incident, but were told to prone out directly on the asphalt. This caused the prisoners, including Plaintiff, to yell out from blistering pain. Plaintiff asserts that Defendants put Plaintiff's life at risk and caused him to suffer serious injuries of 2nd and 3rd degree burns on his legs and knees. The asphalt burned his arms, hands, legs and knees. Plaintiff had to lie on his back to avoid his skin from blistering.

After the African American prisoners, including Plaintiff, were burned with blisters, they were allowed to return to their Building Unit Cells. Defendant Doe approached Plaintiff and other African American inmates and cursed them with profanity for no reason. Defendant Doe threatened them with deadly force if they did not get back down on the asphalt on their bare legs and knees. When Plaintiff and other African American prisoners yelled out from pain, Defendant Does told Plaintiff that they were being punished for not lying on the hot concrete like Defendants told them. As a result of Defendants' action, Plaintiff sustained serious injuries of 2nd and 3rd degree burns to both legs and knees.

Plaintiff further alleges that he was deprived of immediate and meaningful medical care. From August 14, 2012 through August 24, 2012, Plaintiff filed several medical requests for care. Plaintiff then filed a complaint against the named Defendants for their misconduct. Defendants retaliated against Plaintiff by denying him medical care and treatment for his burns.

Plaintiff asserts that Defendants were deliberately indifferent to Plaintiff's safety and medical needs in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages.

///

///

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff lumps defendants together in the majority of allegations. Plaintiff also does not distinguish between Doe Defendants. If Plaintiff amends his complaint, he must allege what each individual did or failed to do that resulted in a violation of Plaintiff's constitutional rights.

#### B. Official Capacity and Eleventh Amendment

Plaintiff brings suit against all defendants in their individual and official capacities. Plaintiff may not assert damages claims against defendants in their official capacities. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

#### C. Supervisory Liability

Plaintiff appears to bring suit against Defendant Brazelton as a supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d

967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### D. Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that DOE defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the DOE Defendants.

### E. Deliberate Indifference/Cruel and Unusual Punishment

Plaintiff alleges that Defendants, including Defendant Doe, were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811

(1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id.  A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In this case, Plaintiff alleges that Defendants initially ordered him and other African American inmates to lie down on the basketball and handball courts during an assault on the yard.  On its face, there is no indication that Defendants knew of a risk of harm to Plaintiff's safety in ordering him to lie down.  It appears that Defendants initially ordered Plaintiff to lie down to protect him and other prisoners from harm related to the assault.

Plaintiff also alleges that certain DOE Defendants later ordered Plaintiff and other African American prisoners to lie down on the asphalt after the assault because these prisoners failed to comply with prior orders.   Plaintiff has failed to allege sufficient facts to demonstrate that the DOE defendants knew of risk to Plaintiff's safety resulting from the hot asphalt.

Plaintiff will be given leave to cure the deficiencies in this claim.

**F.  Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that Defendants refused him medical treatment for his blisters.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

Here, Plaintiff has not linked any named defendant to his claim of deliberate indifference to serious medical needs.  Further, Plaintiff has not set forth sufficient factual allegations to demonstrate that any particular defendants knew of Plaintiff's blisters, but failed to allow him to secure medical treatment.  Plaintiff will be given leave to cure this deficiency.

IV.     **Conclusion and Order**

Plaintiff has failed to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 12, 2014**            /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE