# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK FIELDS, | ) 1:14-cv-00177-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING DEFENDANT |
| v. | ) BRAZELTON, FINDING SERVICE OF ) AMENDED COMPLAINT APPROPRIATE, |
| P. D. BRAZELTON, et al., | ) AND FORWARDING SERVICE ) DOCUMENTS TO PLAINTIFF FOR |
| Defendants. | ) COMPLETION AND RETURN WITHIN ) THIRTY DAYS |
| | ) THIRTY-DAY DEADLINE |

### I.   Screening Requirement and Standard

Plaintiff Broderick R. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 12, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  (ECF No. 10.)  Plaintiff's first amended complaint, filed on January 9, 2015, is currently before the Court for screening.  (ECF No. 11.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is incarcerated at Salinas Valley State Prison.  The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison (PVSP).  Plaintiff names the following defendants:  (1) P. D. Brazelton, PVSP Warden; (2) R. J. Shannon, PVSP Captain; (3) M. Dotson, PVSP Lieutenant; (4) R. Redding, PVSP Sergeant; (5) B. Davi, PVSP Sergeant; (6) R. Lopez, PVSP Correctional Officer; and (7) Johnson, RN.

Plaintiff alleges:   On August 14, 2012, Plaintiff and a couple of other inmates were on the basketball and handball court.  Plaintiff noticed that Defendants Shannon, Dotson, Redding, Davi and Lopez were lined up as if anticipating something.  These defendants deliberately had their name tags covered.

1   As suspected, approximately 30 Mexican inmates began beating and stabbing 3 other Mexican inmates.  It went on so long that Plaintiff thought the 3 inmates were dead or would die.  The officer in the gun tower watched for a long time before activating the emergency alarm.  Plaintiff believed that Defendants condoned the attack and he began to fear for his own safety.  When the alarm sounded, the gun tower officer announced "Get down, get down, get down."

On that day, it was 110.°  Knowing that the concrete and asphalt would be 120° to 125° degrees, Plaintiff and other Black inmates on the basketball and handball court squatted down, rather than lying down on the blistering hot concrete and asphalt.  Some inmates attempted to crawl to a grass area, burning themselves on the concrete.

Defendants Lopez, Redding and Davi ran over to where the Black inmates were sitting and began stating, "If you don't lie flat in a prone position, I'm gonna shoot your mother fuckin Black ass."  Plaintiff said that the concrete would burn his skin.  Defendant Lopez responded, "You'll rather be burned than shot, trust me on that."  Defendant Redding stated, "You niggas can handle the heat anyway, from what I understand."  Defendant Davi laughed and said, "We ain't gonna tell you again.  I'll give order to shoot you fuckers, and then we'll beat the dog shit out you."  Plaintiff and the other inmates lay down and were burned.

Defendants Dotson and Shannon were approximately 10 feet away.  When Defendant Dotson was in ear shot, he stated, "Did you mother fuckers hear what my staff are telling you, get on your knees and crawl backward to me."  Plaintiff asked Defendant Shannon why they were being treated this way and stated that the concrete had burned and blistered his skin.  Defendant Lopez said it was punishment for not lying down when they were told.  Defendant Shannon told the inmates to crawl backward to him one at a time.  Plaintiff reportedly informed defendants that the imminent threat was gone, the inmates that carried out the assault were gone and that other inmates were being allowed to return to their building.  Plaintiff questioned why they were being ordered to crawl on the blistering hot concrete and asphalt.  Defendant told them to crawl or get shot.  Plaintiff crawled and was burned.

Plaintiff alleges that Defendants were fully aware that it was 110° degrees and the concrete was blistering hot.  Plaintiff and the other inmates were not near the incident and there

was no threat of danger. Plaintiff contends that Defendants subjected him to unnecessary pain and suffering.

Plaintiff further alleges that Defendant Dotson told Defendant Johnson, a nurse, not to give Plaintiff and the other blistered Black inmates any medical assistance or not to document any assistance that was given. Defendant Johnson provided Plaintiff with no medical attention even though Defendant Johnson could clearly see that Plaintiff suffered burns on his knees, hands and arms. Plaintiff contends that Defendants Dotson and Johnson were deliberately indifferent to Plaintiff's medical needs.

Plaintiff also alleges that he notified Defendant Brazelton of what happened on a CDCR-22 form and on a CDC-602. Defendant Brazelton did not respond to the CDCR-22 form. Plaintiff contends that Defendant Brazelton condoned the actions when he reviewed and signed the denial of Plaintiff's CDC-602. Plaintiff further alleges that Defendant Brazelton implemented the policies that violated Plaintiff's rights.

### III. Discussion

#### A. Supervisory Liability

Plaintiff brings suit against Defendant Brazelton as a supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at

977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to adequately link Defendant Brazelton to a constitutional violation. Plaintiff's assertion of policy implementation is too vague to impute liability to Defendant Brazelton. Further, to the extent Plaintiff seeks to impose liability against Defendant Brazelton based on his role in reviewing Plaintiff's CDC-602 administrative grievance, he may not do so. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**B. Deliberate Indifference/Cruel and Unusual Punishment**

Plaintiff alleges that Defendants Redding, Davi, Lopez, Dotson and Shannon were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id.  A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

At the pleading stage, Plaintiff has stated a cognizable claim for deliberate indifference against Defendants Redding, Davi, Lopez, Dotson and Shannon.

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that Defendants Dotson and Johnson interfered with or refused him medical treatment for his blisters.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

At the pleading stage, Plaintiff has stated a cognizable claim against Defendants Dotson and Johnson for deliberate indifference to serious medical needs.

### IV. Conclusion and Order

Plaintiff has stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Redding, Davi, Lopez, Dotson and Shannon, along with

a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Dotson and Johnson.  However, Plaintiff has failed to state a cognizable section 1983 claim against Defendant Brazelton.  As Plaintiff was previously granted leave to amend, but has been unable to cure the identified deficiencies, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed on January 9, 2015, against Defendants Redding, Davi, Lopez, Dotson and Shannon for deliberate indifference in violation of the Eighth Amendment and against Defendants Dotson and Johnson for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

2. Defendant Brazelton is dismissed from this action.

3. Service shall be initiated against the following defendants:

**R. J. Shannon**

**M. Dotson**

**R. Redding**

**B. Davi**

**R. Lopez**

**RN Johnson**

4. The Clerk of the Court shall send Plaintiff six (6) USM-285 form, six (6) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed January 9, 2015;

5. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

a. One completed summons for each defendant listed above;

b. One completed USM-285 form for each defendant listed above; and

c. Seven (7) copies of the endorsed first amended complaint filed January 9, 2015.

6. Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

7. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 30, 2015**          /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE