# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK FIELDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. D. BRAZELTON, et al.,<br><br>　　　　Defendants. | 1:14-cv-00177-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO COMPLY WITH THE LOCAL RULES |

Plaintiff Broderick R. Fields ("Plaintiff") a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on February 10, 2014. (ECF No. 1.) On June 30, 2015, the Court issued an order finding service of Plaintiff's amended complaint appropriate, and forwarding service documents to him for completion and return within thirty days. (ECF No. 12.) The Court's order was directed to the Plaintiff by the Clerk of the Court, but it was later returned by the United States Postal Service as undeliverable, not at institution, on July 30, 2015. Plaintiff consented to the jurisdiction of the Magistrate Judge for all purposes on March 3, 2014.  (Doc. 5.)

**I.　　Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

>**Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

      In this case, according to the Court's docket, Plaintiff's address change was due no later than October 8, 2015. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. Furthermore, this action has been pending since February 2014 and the Court finds that the public's interest in expeditiously resolving this long-pending litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

---

[1]     Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Finally, the Court has reviewed the "consideration of alternatives" requirement. See, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's order dated February 12, 2014, served on Plaintiff that same day, expressly informed him that each party appearing in propria persona was under a continuing duty to notify the Clerk and all other parties of any change of address by filing a notice. (ECF No. 3, p. 5-6.) The order further informed Plaintiff that the failure to update his mailing address within sixty−three (63) days of mail being returned as undeliverable would result in dismissal of his case for failure to prosecute. (Id.) Because Plaintiff has failed to inform the Court of his new address, it is not possible for the Court to communicate with him or to explore any alternatives short of dismissal of the case.

## II.   Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute, failure to obey the Court's order, and failure to follow the Court's rules; and

2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **October 26, 2015**             /s/ *Barbara A. McAuliffe*           _
                                          UNITED STATES MAGISTRATE JUDGE