# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK R. FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>P.D. BRAZELTON, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00177-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT UNDER RULE 60(b)<br><br>(ECF No. 15) |

Plaintiff Broderick R. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on February 10, 2014. (ECF No. 1.) Plaintiff consented to the jurisdiction of the Magistrate Judge for all purposes on March 3, 2014. (ECF No. 5.)

**I.    Background**

On June 30, 2015, the Court issued an order finding service of Plaintiff's amended complaint appropriate, and forwarding service documents to him for completion and return within thirty days. (ECF No. 12.) The Court's order was mailed to Plaintiff by the Clerk of the Court, but it was later returned by the United States Postal Service as undeliverable, not at institution, on July 30, 2015.

On October 26, 2015, finding that Plaintiff failed to file a change of address or otherwise contact the Court, the Court issued an order dismissing this action, without prejudice, based on

Plaintiff's failure to prosecute, failure to obey the Court's order, and failure to follow the Court's rules. Judgment was entered accordingly the same day, and this action closed. (ECF Nos. 13, 14.)

Currently before the Court is Plaintiff's motion to vacate judgment under Rule 60(b), filed on June 29, 2017. (ECF No. 15.) Plaintiff states that he has up to a year to file a Rule 60(b) motion to explain his delay to the Court. Plaintiff alleges that when he was moved, he could not notify the Court of his change of address right away because he did not have his property. When Plaintiff had received his property, the Court had already dismissed his action. (Id.)

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions made under Rule 60(b) must be made within a reasonable time, "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Lemoge v. United States, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

## III.     Discussion

Plaintiff's motion for reconsideration is untimely, and must be denied. To the extent Plaintiff seeks relief under Rules 60(b)(1), he failed to file the present motion within a year after the judgment was entered. Fed. R. Civ. P. 60(c)(1).

Plaintiff filed the instant motion nearly two years after the dismissal and entry of judgment in this case. Indeed, after the filing of his first amended complaint in January 2015, Plaintiff did not contact the Court again until filing the instant motion, two and a half years later.

2

1  Plaintiff offers no credible explanation for his lack of inquiry about the status of his case for two
2  years. Although Plaintiff alleges that his lack of property following his transfer prevented him
3  from updating his address, he fails to provide any explanation of when he was transferred or when
4  he eventually regained access to his property.

5  Plaintiff's motion is also untimely under Rule 60(b)(6). See Hogan v. Robinson, No. CV-
6  F-03-6408 LJO WMW, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (Rule 60(b)(6)
7  motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were
8  put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v.
9  Evans, No. CV 08-5821 ABC (AN), 2008 WL 4330291, at *5–6 (C.D. Cal. Sept. 22, 2008) (Rule
10 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his
11 two-year delay" in filing). Taking into consideration the interest in finality and the lack of
12 reasons for Plaintiff's extended delay, the Court finds Plaintiff's delay in moving for
13 reconsideration under Rule 60(b)(6) unreasonable. Lemoge, 587 F.3d at 1196–97; Rodgers v.
14 Watt, 722 F.2d 456, 459 (9th Cir. 1983) ("there is a compelling interest in the finality of
15 judgments which should not be lightly disregarded").

16 As noted, the Court entered judgment in this case nearly two years ago. Although part of
17 the reason for Plaintiff's delay in moving for reconsideration may be attributable to Plaintiff not
18 having access to his property, the Court finds that the primary reason for the delay was Plaintiff's
19 failure to inquire sooner regarding the status of his case. Plaintiff had the ability contact the
20 Clerk's office to learn the status of his case at any time after filing his amended complaint, and he
21 provides no credible explanation why he did not do so, including during the two-year period
22 following dismissal of this action.

23 Accordingly, Plaintiff's motion for reconsideration under Federal Rules of Civil
24 Procedure 60(b) is denied.

25 ///
26 ///
27 ///
28

1  Plaintiff offers no credible explanation for his lack of inquiry about the status of his case for two
2  years. Although Plaintiff alleges that his lack of property following his transfer prevented him
3  from updating his address, he fails to provide any explanation of when he was transferred or when
4  he eventually regained access to his property.

5  Plaintiff's motion is also untimely under Rule 60(b)(6). See Hogan v. Robinson, No. CV-
6  F-03-6408 LJO WMW, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (Rule 60(b)(6)
7  motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were
8  put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v.
9  Evans, No. CV 08-5821 ABC (AN), 2008 WL 4330291, at *5–6 (C.D. Cal. Sept. 22, 2008) (Rule
10 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his
11 two-year delay" in filing). Taking into consideration the interest in finality and the lack of
12 reasons for Plaintiff's extended delay, the Court finds Plaintiff's delay in moving for
13 reconsideration under Rule 60(b)(6) unreasonable. Lemoge, 587 F.3d at 1196–97; Rodgers v.
14 Watt, 722 F.2d 456, 459 (9th Cir. 1983) ("there is a compelling interest in the finality of
15 judgments which should not be lightly disregarded").

16 As noted, the Court entered judgment in this case nearly two years ago. Although part of
17 the reason for Plaintiff's delay in moving for reconsideration may be attributable to Plaintiff not
18 having access to his property, the Court finds that the primary reason for the delay was Plaintiff's
19 failure to inquire sooner regarding the status of his case. Plaintiff had the ability contact the
20 Clerk's office to learn the status of his case at any time after filing his amended complaint, and he
21 provides no credible explanation why he did not do so, including during the two-year period
22 following dismissal of this action.

23 Accordingly, Plaintiff's motion for reconsideration under Federal Rules of Civil
24 Procedure 60(b) is denied.

25 ///
26 ///
27 ///
28

**A.  Conclusion and Order**

For the reasons stated, Plaintiff's motion to vacate judgment under Rule 60(b), (ECF No. 15), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **July 20, 2017**          /s/ *Barbara A. McAuliffe*       _
                                                  UNITED STATES MAGISTRATE JUDGE